THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ROBERTO MIRANDA MATTA, Defendant and Appellant.

Nos. CR-62-402, 403.      Decided June 27, 1963.

*Arcilio Alvarado* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Carlota Capó, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Defendant-appellant Roberto Miranda Matta was accused and convicted of burglary in the first degree and possession of weapons and was sentenced to serve an indeterminate penalty of 3 to 10 years in the penitentiary for the first offense and one year in jail for the second one.

On appeal he assigns three errors as follows:

1.—That the information in the case of burglary in the first degree does not state facts sufficient to constitute the commission of the crime because the phrase "commercial establishment" used in the information is not included in § 408 of the Penal Code—33 L.P.R.A. § 1591. This error was not committed. In *People* v. *Olivero et al.,* 36 P.R.R. 460, 461–462 (1927), we said that "commercial establishment" is equivalent to *store* or, in a proper case, to *warehouse* and therefore defendant was not misled in the preparation of his defense. Although it is more judicious to use the exact words of the statute, for the reasons stated in *Olivero et al., supra,* the use of the phrase "commercial establishment" in the information referring to the "store" involved in the crime in the case at bar, is permissible.

2.—That the trial court erred in failing to sustain the motion for peremptory acquittal in the case of possession of weapons, said motion being based on the insufficiency of the evidence.

Defendant-appellant waived this question in offering evidence after said motion was dismissed. *People* v. *Díaz,* 69 P.R.R. 577 (1949); *People* v. *Figueroa,* 59 P.R.R. 909 (1942); *People* v. *Berenguer,* 59 P.R.R. 79 (1941). Said defendant-appellant seems to allege that at the trial there

was not sufficient evidence of the *corpus delicti* in the case of possession of weapons, irrespective of defendant-appellant's extrajudicial confession which was introduced in evidence. In *People* v. *Hernández*, 75 P.R.R. 852 (1954), we adopted the rule that defendant's confession should be corroborated by evidence *aliunde* tending to establish the *corpus delicti*. This requirement was fully met in this case, for witness Fernanda Reyes Quiñones, owner of the burglarized store, although in a part of her examination by the defense she testified that defendant fired at her, but that she did not know whether it was with a revolver or pistol, a firecracker or gun, on several occasions during her examination by the prosecuting attorney as well as by the defense, she categorically affirmed that defendant was carrying a revolver in his right hand with which he fired at her. This, together with defendant-appellant's confession admitted in evidence justified appellant's conviction of the possession of weapons.

3.—The trial judge instructed the jury at each adjournment of the court not to form or express any opinion as to the innocence or guilt of defendant until the cause is finally submitted to them.

■■ Defendant admits that such instructions are justified under the provisions of § 261 of the Code of Criminal Procedure—34 L.P.R.A. § 740—but, he alleges, they violate his right of due process of law since "it was equivalent to telling the jury to act, at the trial, as recording machines of the witnesses' words, without being able to adopt the mental attitude of triers, which necessarily, should not only be receptive, but also analytic and gauging," defendant-appellant also alleging, "that § 261 is unconstitutional because said interpretation and application thereof is equivalent to depriving defendant of the due process of law." Defendant-appellant is not right. Far from depriving defendant of the due process of law, the rule in question aims to insure de-

fendant an impartial trial before a jury whose minds are not prejudiced. In many other jurisdictions, by statutory provision and in a language similiar to that of § 261 referred to, said kind of warning is required, and it was included under § 319 of the Code of Criminal Procedure of the American Law Institute (Part B, Commentary to Section 319, Code of Criminal Procedure with Commentaries, American Law Institute 959 (1930)).

In view of the foregoing the judgment will be affirmed.